# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Lon Allen Clark, | Case No.: 2:23-cv-02163-RFB-EJY |
| Petitioner | **Order** |
| v. | |
| Gabriela Najera, | |
| Respondents | |

This habeas matter is before the Court on Petitioner Lon Allen Clark's failure to comply with the Court's Order.

**Background**

Clark initiated this case by filing an application for leave to file a second or successive petition under 28 U.S.C. § 2254. The Ninth Circuit Court of Appeals denied Clark's application as unnecessary and transferred the application to this Court to be processed as a § 2254 petition. The Court ordered Clark to either pay the $5 filing fee or submit a complete IFP application with all required attachments within 45 days. ECF No. 10.  Clark timely complied. ECF No. 12. In addition, the Court instructed Clark to file a petition on the Court's approved form or in substantial compliance with the form within 45 days. ECF No. 13. Clark was warned that a failure to comply would result in the dismissal of this action without prejudice and without further advance notice. Id.  The 45-day deadline expired last month.

To date, Clark has not filed an amended petition, requested an extension of time, or taken any other action to prosecute this case. In addition, the Court's minute order denying Clark's motion for appointment of counsel was returned as undeliverable with a note that Clark has been discharged. ECF No. 15.

**Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. See

Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by Yourish).  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986).  Because litigation cannot progress without Clark's compliance with court orders, the only alternative is to enter a second order setting another deadline.  But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources.  The circumstances here do not indicate that this case will be an exception.  Setting another deadline is not a meaningful alternative given these circumstances.  Thus, the fifth factor favors dismissal.

**IT IS THEREFORE ORDERED** that Petitioner Lon Allen Clark's Petition for Writ of Habeas Corpus (ECF No. 1-1) is **DISMISSED** without prejudice based his on failure to comply with the Court's Order (ECF No. 13) or the Local Rules of Practice.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find dismissal of the petition for the reasons stated herein to be debatable or wrong.

The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents. No response is required from Respondents other than to respond to any orders of a reviewing court.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is directed to file the Petition (ECF No. 1-1) and informally serve the Nevada Attorney General with the petition and this order by sending a notice of electronic filing to the Nevada Attorney General's office.

The Clerk of Court is directed to enter final judgment accordingly and close this case.

DATED this 13 day of June, 2025.

_____
UNITED STATES DISTRICT JUDGE